**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**HAMMOND DIVISION**

| | | |
|---|---|---|
| NOREEN CONNOLLY, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO.: 2:24-CV-27-JEM |
| | ) | |
| TODD WILKENING, *et al*., | ) | |
|     Defendants. | ) | |

**OPINION AND ORDER**

This matter is before the Court on Plaintiff's Motion to Disqualify Attorneys [DE 54], filed on February 12, 2025. Defendants filed a response on February 20, 2025, Plaintiff has not filed a reply, and the time to do so has expired.

**I.      Background**

On December 28, 2023, Plaintiff filed a Complaint in state court alleging violations of her civil rights, removed to this Court on January 22, 2024. On February 13, 2025, Defendants filed a Motion for Judgment on the Pleadings pursuant to Federal Rule of Civil Procedure 12(c), and Plaintiff filed the instant motion to disqualify on February 12, 2025.

**II.     Analysis**

Plaintiff seeks to have the law firms of Austgen Kuiper Jasaitis, P.C., Kightlinger & Gray, LLP, and the Law Offices of Weiss, Schmidgall & Hires, P.C., disqualified as counsel for Defendants because they represent defendants in various actions she has brought. She argues that their involvement in multiple cases constitutes a conflict of interest and involves the acquisition of confidential information.

1

The Seventh Circuit has cautioned that disqualification is a prophylactic device employed to protect the attorney-client relationship and is a "drastic measure which courts should hesitate to impose except when absolutely necessary." *Cromley v. Bd. of Ed. of Lockport Twp. High Sch. Dist. 205*, 17 F.3d 1059, 1066 (7th Cir. 1994) (quoting *Freeman v. Chi. Musical Instrument Co.*, 689 F.2d 715, 721 (7th Cir. 1982)). Motions to disqualify "should be viewed with extreme caution for they can be misused as techniques of harassment." *Freeman*, 689 F.2d at 722. A district court possesses "broad discretion" in determining whether disqualification is required in a particular case. *Cardenas v. Benter Farms*, No. IP 98-1067-C T/G, 2001 WL 292576, at *1 (S.D. Ind. Feb. 7, 2001) (quoting *Whiting Corp. v. White Mach. Corp.*, 567 F.2d 713, 715 (7th Cir. 1977) (citation omitted)). The party seeking disqualification bears the burden of showing facts requiring disqualification. *Id.* However, the Seventh Circuit has instructed courts to resolve doubts in favor of disqualification. *See Exterior Sys., Inc. v. Noble Composites, Inc.*, 175 F. Supp. 2d 1112, 1115 (N.D. Ind. 2001) (citing *United States v. Goot*, 894 F.2d 231, 235 (7th Cir. 1990)).

Under Northern District of Indiana Local Rule 83.5, "[t]he Rules of Professional Conduct, as adopted by the Indiana Supreme Court, and the Standards for Professional Conduct, as adopted by the Seventh Circuit, shall provide standards of conduct for those practicing in this court." L.R. 83.5. Plaintiff relies on Indiana Rules of Professional Conduct, Rule 1.7 which provides, in relevant part,

> a lawyer shall not represent a client if the representation involves a concurrent conflict of interest. A concurrent conflict of interest exists if: **(1)** the representation of one client will be directly adverse to another client; or **(2)** there is a significant risk that the representation of one or more clients will be materially limited by the lawyer's responsibilities to another client, a former client or a third person or by a personal interest of the lawyer.

Ind. R. Prof. Cond. 1.7(a).

Plaintiff argues that this rule prohibits Defendants' attorneys from representing them because their representation harms her. She is not a former or another client of any of the identified attorneys. *See* Ind. R. Prof. Cond. 1.9; *see also Jones & Henry, Engineers, Ltd. v. Town of Orland, Indiana*, 942 F. Supp. 1202, 1206 (N.D. Ind. 1996). She identifies no responsibility of the identified lawyers to another client, a former client, a third person, or a personal interest of the lawyer which would materially limit the attorneys' representation of these defendants.

Instead, Plaintiff appears to be arguing that it is inappropriate for a law firm to represent the same client in multiple actions that involve the same opposing party.[1] She also argues that counsels' conduct has adversely impacted her personally and emotionally.[2] Defendants argue that Plaintiff misunderstands the law of what constitutes a conflict of interest and point out that she has alleged neither a valid conflict of interest or any ethical violation. The Court also notes that no attorneys from the Law Offices of Weiss, Schmidgall & Hires, P.C. even have an appearance on file in this action.

Plaintiff does not allege that she was a former client of any of the law firms or individual attorneys with appearances on file in this matter. Representation of the same clients in multiple cases, including cases involving the same opposing party, does not create a conflict of interest

---

1 Plaintiff also states that disqualification is appropriate due to procedural manipulation and the impact of disciplinary actions against her former attorneys. The Court is unaware of any case law which supports disqualification for "procedural manipulation" or what disciplinary actions against Plaintiff's former attorneys have to do with this case, so does not address these unsupported and specious arguments. The Court notes that neither of the two attorneys Plaintiff names as subject to disciplinary action, Eric Clark and Randy Godshalk, have filed an appearance on behalf of any party in this case.

2 As with Plaintiff's other objections, there is no legal support for disqualification because Plaintiff finds prosecuting her lawsuit emotionally unhealthy or distressful. The Court has not found that any conduct by any of the attorneys appearing before it in this matter has been inappropriate or sanctionable.

under the Indiana Rules of Professional Conduct.

Finally, Plaintiff argues, without further explanation, that because she must contact the law firm of Austgen Kuiper Jasaitis, P.C. for any police related calls, rather than call 911, the law firm may be called as a witness. Indiana Rule of Professional Conduct 3.7, which addresses the risk of an attorney serving as a witness, provides:

> (a) A lawyer shall not act as advocate at a trial in which the lawyer is likely to be a necessary witness unless:
> (1) the testimony relates to an uncontested issue;
> (2) the testimony relates to the nature and value of legal services rendered in the case; or
> (3) disqualification of the lawyer would work substantial hardship on the client.
> (b) A lawyer may act as advocate in a trial in which another lawyer in the lawyer's firm is likely to be called as a witness unless precluded from doing so by Rule 1.7 or Rule 1.9.

Ind. R. Prof. Cond. 3.7. The primary consideration of Rule 3.7 is whether the lawyer is a "necessary witness." *Knowledge A-Z, Inc. v. Sentry Ins.*, 857 N.E.2d 411, 418 (Ind. Ct. App. 2007).   When the attorney's testimony is "relevant, material, and unobtainable elsewhere," the rule's necessity requirement is met. *Borom v. Town of Merrillville*, No. 2:07 CV 98, 2007 WL 1797639, at *2 (N.D. Ind. June 19, 2007) (listing cases; citations omitted); The Court must weigh the client's interest in continued representation against the risk of prejudice to the opposing party. *Hutchinson v. Spanierman*, 190 F.3d 815, 828 (7th Cir. 1999).

Plaintiff does not explain why she would need to call the law firm instead of emergency services or how a theoretical future call would be relevant to the instant suit. She does not identify any specific attorney at Austgen Kuiper Jasaitis, P.C. who is likely to be called as a witness, much less a necessary witness. In order for an attorney to be a necessary witness in this case, that attorney must be the *only* person able to testify about such information. *Borom*, 2007 WL 1797639, at *2.

4

To the extent that any testimony about emergency calls must be adduced in this case, there is no indication that an attorney would be the only necessary witness. If Plaintiff is seeking to have a particular attorney disqualified because that attorney may be a necessary witness to a specific communication or interaction, she must identify the individual, the communication, how it is relevant to this cause of action, and that it is a contested issue. Plaintiff has done none of this.

Because motions to disqualify "should be viewed with extreme caution for they can be misused as techniques of harassment" and have the potential "to destroy [the attorney-client relationship] by depriving a party of representation of their own choosing," *Freeman*, 689 F.2d at 722, the moving party must establish the basis for disqualification. Plaintiff simply has not done so.

At the conclusion of Plaintiff's motion, she also requests additional time to submit documentation in support of this motion; however, because the motion does not raise any colorable argument warranting disqualification, additional time for Plaintiff to support her own motion is unnecessary.

### III.    Conclusion

For the foregoing reasons, the Court hereby **DENIES** Plaintiff's Motion to Disqualify Attorneys [DE 54].

SO ORDERED this 28th day of February, 2025.

s/ John E. Martin_____
MAGISTRATE JUDGE JOHN E. MARTIN
UNITED STATES DISTRICT COURT

cc:    All counsel of record
       Plaintiff, *pro se*

5