UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| NOREEN CONNOLLY,      )  |   |
|     Plaintiff,      ) |   |
|           ) |   |
| v.       ) | CAUSE NO.: 2:24-CV-27-JEM |
|           ) |   |
| TODD WILKENING, *et al*.,      ) |   |
|     Defendants.      ) |   |

**OPINION AND ORDER**

This matter is before the Court on a Motion for Leave to File First Amended Complaint [DE 62], filed by Plaintiff, proceeding *pro se*, on February 28, 2025, and Defendants' Motion for Judgment on the Pleadings [DE 52], filed on February 13, 2025.

**I.   Background**

On December 28, 2023, Plaintiff filed a Complaint in state court which Defendants removed to this Court on January 22, 2024. It alleges that Defendants violated Plaintiff's civil rights, mostly through actions taken through their roles as police and fire officers going back to 2016.

On February 13, 2025, Defendants filed a Motion for Judgment on the Pleadings pursuant to Federal Rule of Civil Procedure 12(c). Plaintiff filed her response on February 20, 2025, and Defendants filed their reply on March 1, 2025. Plaintiff filed a Motion for Leave to File First Amended Complaint on February 28, 2025, seeking to add numerous defendants and additional causes of actions arising from the same alleged acts and omissions as the original complaint, as well as to add claims arising from citations issued to her by some of the defendants in 2023 and 2024. Defendants filed their response on March 14, 2025, and Plaintiff filed her reply on March

1

28, 2025. Both motions were discussed at a hearing held on March 6, 2025. Both motions are fully briefed and ripe for ruling.

The parties have consented to have this case assigned to a United States Magistrate Judge to conduct all further proceedings and to order the entry of a final judgment in this case. Thus, this Court has jurisdiction to decide this case pursuant to 28 U.S.C. § 636(c).

## II. Standard of Review

Federal Rule of Civil Procedure 15(a) provides that, when a party seeks leave to amend a pleading, the "court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Thus, if the underlying facts or circumstances relied upon by a plaintiff are potentially a proper subject of relief, the party should be afforded an opportunity to test the claim on the merits. *Foman v. Davis*, 371 U.S. 178, 182 (1962). The decision whether to grant or deny a motion to amend lies within the sound discretion of the district court. *Campbell v. Ingersoll Milling Mach. Co.*, 893 F.2d 925, 927 (7th Cir. 1990). However, leave to amend is "inappropriate where there is undue delay, bad faith, dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, or futility of the amendment." *Villa v. City of Chicago*, 924 F.2d 629, 632 (7th Cir. 1991) (citing *Foman*, 371 U.S. at 183).

To survive a Rule12(b)(6) motion to dismiss for failure to state a claim, the complaint must first provide "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), such that the defendant is given "fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). Second, the "complaint must contain sufficient factual matter, accepted as true, to 'state

a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 570); *see also Tamayo v. Blagojevich*, 526 F.3d 1074, 1082 (7th Cir. 2008).

Federal Rule of Civil Procedure 12(c) provides that "[a]fter the pleadings are closed–but early enough not to delay trial–a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). The Court applies the same standard to a motion for judgment on the pleadings under Rule 12(c) as is used to determine motions to dismiss for failure to state a claim under Rule 12(b)(6). *See Guise v. BWM Mortg., LLC*, 377 F.3d 795, 798 (7th Cir. 2004). When addressing a motion for judgment on the pleadings, the Court must "view the facts in the complaint in the light most favorable to the nonmoving party and will grant the motion only if it appears beyond doubt that the plaintiff cannot prove any facts that would support his claim for relief." *Buchanan-Moore v. Cnty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009) (quoting *N. Ind. Gun & Outdoor Shows, Inc. v. City of South Bend*, 163 F.3d 449, 452 (7th Cir. 1998)) (internal quotations omitted). When ruling on a 12(c) motion, the Court considers only the pleadings, which "include the complaint, the answer, and any written instruments attached as exhibits." *N. Ind. Gun & Outdoor Shows*, 163 F.3d at 452. Additionally, "each allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1).

### III. Analysis

In her motion to amend, Plaintiff seeks to add numerous additional parties and claims. Defendants argue that the amended complaint is futile because many of the claims are barred by the applicable statute of limitations, Plaintiff has failed to abide by rules regarding joinder, and she failed to serve a proper notice under the Indiana Tort Claims Act. In their motion for judgment on the pleadings, Defendants argue that Plaintiff has not, and cannot, state a cause of action for constitutional violations based on Defendants' alleged actions. Plaintiff argues that she has

3

sufficiently alleged constitutional violations, there are material facts in dispute, her case was timely filed, and she has alleged a continuing wrong thereby preserving her claims.

Plaintiff's original complaint seeks relief pursuant to 42 U.S.C. § 1983 for a claim that Cedar Lake Fire Department Chief Todd Wilkening and unknown Cedar Lake firefighters and police officers falsely asserted that a July 10, 2023, fire at property with which Plaintiff was connected was caused by arson and falsely asserted that a cheese machine was damaged during the fire. She also alleges that Defendant Wilkening, in his role as fire department chief, falsely advised the power company that the building was unsafe. Plaintiff also includes multiple allegations of actions by various defendants that she claims were designed to make her move away from Cedar Lake in retaliation for her advocacy for victims of abuse by certain police officers and the Fire Department.

Defendants argue that they are entitled to judgment on the pleadings on Plaintiff's original complaint because Plaintiff fails to allege a constitutional violation under 42 U.S.C. § 1983, the claims are barred by the statute of limitations, and Plaintiff failed to comply with the Indiana Tort Claim Act. Plaintiff argues that she has alleged a continuing violation and therefore the statute of limitations does not bar her claims, that there are disputed facts, that she has sufficiently alleged constitutional violations, that she has complied with the Indiana Tort Claims Act, and that there is a state created danger.

In her motion to amend, Plaintiff seeks to add six individually named defendants in both their individual and official capacities as firefighters or police officers, and to add allegations of a long history of actions by named and unnamed defendants ranging from 2015 through 2024, with each proposed count asserted against all Defendants. Her proposed claims arise under the First, Fourth, Fifth, and Fourteenth Amendments, the Equal Protection clause, and also include state law

4

claims for defamation, intentional infliction of emotional distress, tortious interference with business relationships, loss of consortium and negligence claims arising from the same events.

Defendants argue that the proposed amended pleading is deficient and would not survive a motion to dismiss because of applicable statutes of limitations, joinder rules, and Plaintiff's failure to serve a proper notice under the Indiana Tort Claims Act. Plaintiff argues that the continuing violation doctrine extends the statute of limitations, that she has sufficiently alleged constitutional violations, that she has complied with the Indiana Tort Claim Act and that her amended complaint is not futile.

A. <u>Statute of Limitations</u>

There is no specific statute of limitations for constitutional violations; courts apply the applicable state statute of limitation for personal injury actions. *Nieta v. City of Chicago*, 830 F.3d 494, 498 (7th Cir. 2016); *Behavioral Institute of Indiana, LLC v. Hobart City of Common Council*, 406 F.3d 926, 929 (7th Cir. 2005). Indiana's personal injury statute of limitations is two years. Ind. Code § 34-11-2-4. This means that any claim for a violation of 42 U.S.C. § 1983 must be brought within two years of the date of the conduct, or when Plaintiff learned of the conduct.

Defendants argue that all of Plaintiff's claims in both her original complaint and her proposed amended complaint are barred by the statute of limitations or should be barred because of her undue delay in bringing them. Plaintiff argues that the continuing violation doctrine preserves her claims.

The continuing violation doctrine can extend the statute of limitations when the defendant commits repeated violations (the "continuing violation") or when small misdeeds that do not otherwise constitute violations in isolation accumulate to form one violation (the so-called "cumulative violation"). *Turley v Rednour*, 729 F.3d 645, 654 (7th Cir. 2013) "[C]ontinuing

5

injuries are those in which a 'discrete wrongful act causes continuing harm.' These continuing injuries do not extend the period of limitations." *Bernard v. Scott*, 501 F. Supp. 3d 611, 621 (N.D. Ill. 2020) (quoting Turley, 729 F.3d at 654). When defendants commit repeated discrete violations, "[t]he period of limitations runs from each independently unlawful act or failure to act." *Turley*, 729 F.3d at 654 (Easterbrook, J., concurring). Only when "it would have been unreasonable to require the plaintiff to sue separately on each" action or inaction will a series of separate violations constitute a continuing violation. *Selan v. Kiley*, 969 F.2d 560, 565-66 (7th Cir. 1992).

The actions and inactions (in this case, allegations that a defendant failed to take action they should have taken) Plaintiff alleges in the original and proposed complaints are discrete sets of actions by different defendants, each with a starting and ending date. Because they refer to discrete types of action over specific time periods, it would be reasonable for her to sue for the separate series of actions or failures to act. Accordingly, the time period for the statute of limitations runs from each discrete set of actions. The allegations that from 2015 to 2017 some defendants failed to enforce an order of protection occurred at least six years before Plaintiff filed her initial complaint and eight to ten years before she sought leave to amend her complaint. Although Plaintiff asserts that she continues to suffer harm from those failures to enforce an order of protection, all of her allegations refer to the time period prior to 2017. Therefore, the continuing violation doctrine does not save those claims. *Turley*, 729 F.3d at 654 (Easterbrook, J., concurring) ("The period of limitations runs from each independently unlawful act or failure to act."). Likewise, the actions or inactions related to the newly-alleged 2017 attack cover up and a 2019 house fire are well outside the statute of limitations, and the actions or failures to act have long ended. Plaintiff argues that she continues to suffer harm from those actions, but not that those actions continue. As such, they do not constitute ongoing violations and are time barred. *See*

*Bernard*, 501 F. Supp. 3d at 621 (N.D. Ill. 2020). Only the purported slander arising from the July 10, 2023, fire and the proposed allegations regarding Defendants issuing citations to Plaintiff in 2023 to 2024 can survive the statute of limitations defense. All claims for actions and failure to act which occurred more than two years before the claim was brought will not be allowed. Because all of Plaintiff's claims asserting constitutional violations are predicated on these time-barred inactions and actions, Plaintiff may not amend her complaint to include the conduct alleged in Counts I through V. Defendants are entitled to judgment on the pleadings on her original complaint based on actions arising at any time prior to December 28, 2021.

Defendants also argue that Plaintiff unduly delayed in bringing her claims. Defendants are correct as to all of the 2015 through 2019 allegations. However, as for the July 10, 2023, slander allegations and 2023 and 2024 citation issuance allegations, the delay is not unduly long, and these claims are not barred by the statute of limitations.

B. Indiana Tort Claims Act

Defendants also argue that Plaintiff failed to serve the requisite notice of her claims as required by the Indiana Tort Claims Act, and this bars the claims raised in either her original complaint or her proposed amended complaint. The Indiana Tort Claims Act provides that a plaintiff must provide a notice to the political subdivision and its employees within one hundred and eighty (180) days of the loss. Ind. Code § 34-13-3-8(a). In her original complaint, Plaintiff does not allege that she served such a notice, nor does she attach such a notice to her proposed amended complaint. In the absence of that notice, her state law claims for actions or inactions in 2023 and 2024 are barred.

Plaintiff, in her response to the motion to amend, argues that she served a notice pursuant to the Indiana Tort Claims Act on January 19, 2024. Pl's Br., p. 4 [DE 56]. She does not identify

7

the party(ies) on whom she served it, and she does not attach a copy, so the Court is unable to determine whether it was a proper notice, or if it was served upon the proper political subdivision and employees in accordance with Indiana Code 34-13-3-8(a). The Court is not opining on whether any notice that Plaintiff did serve was timely as to the purported 2023 slander because the Court cannot determine from the proposed amended complaint when those statements may have been made. Likewise, the Court cannot determine from the proposed amended complaint whether any notice relative to the 2023 and 2024 citation issuance claims has been served, or whether it is either timely or proper, and therefore, Plaintiff may be able to plead state claims for relief based on those actions if she can establish that she complied with the Indiana Tort Claims Act.

C. Jurisdiction

Defendants also argue that Plaintiff's lawsuit is an attempt to join multiple claims against multiple defendants which do not arise from the same actions or inactions, in contravention of Federal Rules of Civil Procedure 20(A) and 18(A). Defendants are correct, but because Plaintiff's request to file an amended complaint is being denied, and Defendants' motion for judgment on the pleadings is being granted on substantive bases as discussed above, the Court need not address this in detail.

For the reasons discussed above, the claims for actions and inactions that occurred more than two years before the suit was filed on December 28, 2023, are barred by the applicable statute of limitations, and none of them assert a continuing violation that would extend that time period. Judgment on the pleadings as to the claims for constitutional violations pursuant to 42 U.S.C. § 1983 is therefore proper as all allegations related to any constitutional claim which occurred more than two years before that date. The only acts which Plaintiff alleged occurred after that date are slander about the July 10, 2023, fire and melted cheese machine, and, in her proposed amended

8

complaint, the issuance of various citations to her which she alleges violated the Indiana Address Confidentiality Programs in 2023 and 2024. Those are not constitutional violations, but rather causes of action that arise under state law.

When all the of the claims in a case giving rise to original jurisdiction have been resolved, a district court maintains subject matter jurisdiction over those claims that fall within its supplemental jurisdiction under § 1367(a). *Miller v. Herman*, 600 F.3d 726, 738 (7th Cir. 2010) (citing 28 U.S.C. § 1367(c)(3); *Nightingale Home Healthcare, Inc. v. Anodyne Therapy, LLC*, 589 F.3d 881, 883 (7th Cir. 2009)). However, § 1367(c) specifically provides that a court may decline to exercise supplemental jurisdiction when it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c). The decision whether to decline jurisdiction is squarely within the Court's discretion. *Miller*, 600 F.3d at 738 (citing *Sharp Elecs. Corp. v. Metro. Life Ins. Co.*, 578 F.3d 505, 514 (7th Cir. 2009)); *see also Wright v. Associated Ins. Cos. Inc.*, 29 F.3d 1244, 1251 (7th Cir. 1994). There is a presumption that the district court "will relinquish [that] jurisdiction over any supplemental claim to the state courts." *Leister v. Dovetail, Inc.*, 546 F.3d 875, 882 (7th Cir. 2008) (citing cases). In *Wright*, the Seventh Circuit Court of Appeals explained that there occasionally are "unusual cases in which the balance of factors to be considered under the pendent jurisdiction doctrine–judicial economy, convenience, fairness, and comity–will point to a federal decision of the state-law claims on the merits." 29 F.3d at 1251. However,

> district courts should exercise the discretion to relinquish jurisdiction over state law claims that remain after the dismissal of federal claims unless any of the following three circumstances exists: (1) the state law claims may not be re-filed because a statute of limitations has expired, (2) substantial judicial resources have been expended on the state claims, or (3) it is clearly apparent how the state claims are to be decided.

9

*Dargis v. Sheahan*, 526 F.3d 981, 990 (7th Cir. 2008) (citing *Williams v. Rodriguez*, 509 F.3d 392, 404 (7th Cir. 2007)); *see also Wright*, 29 F.3d at 1251-52.

In the absence of any circumstances sufficient to overcome the presumption, the Court declines to exercise supplemental jurisdiction over Plaintiff's state law claims. Therefore, dismissal under 28 U.S.C. § 1367(d) is the proper vehicle for disposing of the state law claims by Plaintiff so that they can be refiled in state court, should Plaintiff so choose. The period of limitations for the state law claims asserted by Plaintiff is tolled for the time the claim has been pending and for a period of 30 days after it is dismissed by this Court unless state law allows for a longer tolling period. *See* 28 U.S.C. § 1367(d).

**IV.    Conclusion**

For the foregoing reasons, the Court hereby **DENIES** the Motion for Leave to File First Amended Complaint [DE 62], **GRANTS** Defendants' Motion for Judgment on the Pleadings [DE 52] and **DISMISSES with prejudice** Plaintiff's claims for constitutional violations. Pursuant to 28 U.S.C. § 1367(d), the Court hereby **DISMISSES without prejudice** Plaintiff's state law claims as described above. The Court DIRECTS the Clerk of the Court to enter judgment in favor of Defendants against Plaintiff as described above.

SO ORDERED this 3rd day of April, 2025.

s/ John E. Martin
MAGISTRATE JUDGE JOHN E. MARTIN
UNITED STATES DISTRICT COURT

cc:    All counsel of record
       Plaintiff, *pro se*